UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                          :
                                                            :
                          Plaintiff,                        :  Civil Action No. 2:13-cv-04560-JD
                                                            :
            vs.                                             :
                                                            :
JOHN DOE subscriber assigned IP address                     :
69.249.28.20,                                               :
                                                            :
                          Defendant.                        :
                                                            :
------------------------------------------------------------X

## SECOND MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), and upon the attached Second Memorandum of Law in support of this motion, Malibu Media, LLC ("Plaintiff"), respectfully moves for the entry of an order granting it leave to serve a third party subpoena prior to a Rule 26(f) conference (the "Motion") and states:

1. This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Defendant's true identity is known by their Internet Service Provider ("ISP").

2. Plaintiff has previously filed a Motion for Leave to Serve a Third Party Subpoena on Defendant's ISP for the purpose of obtaining the Defendant's true identity and this Court recently granted Plaintiff leave to do so.

3. In the ordinary course of business, ISPs delete the data which enables them to make a correlation.

1

4. Because of the ISPs' data retention, the ISP likely will have deleted its records pertaining to the infringement dates on Plaintiff's Complaint.

5. Since Plaintiff filed its initial Complaint, Defendant has continued to infringe Plaintiff's copyrights. Pursuant to Fed. R. Civ. P. 15 Plaintiff has amended its Complaint to allege infringements committed subsequent to the initial filing of this lawsuit.

6. To decrease the chance that the correlation will fail because the data has been deleted by the ISP, Plaintiff seeks leave to serve a subpoena on Defendant's ISP containing the latest date of infringement.

WHEREFORE, Plaintiff respectfully moves for entry of a second order granting it leave to serve a third party subpoena prior to a Rule 26(f) conference. A proposed order, identical to the Court's previous order, is attached for the Court's convenience.

Respectfully submitted,

FIORE & BARBER, LLC

By:  /s/ Christopher P. Fiore
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    */s/ Christopher P. Fiore*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------X
::
MALIBU MEDIA, LLC, :
:
                        Plaintiff, : Civil Action No. 2:13-cv-04560-JD
:
vs. :
:
JOHN DOE subscriber assigned IP address :
69.249.28.20, :
:
                        Defendant. :
:
----------------------------------------------------------------X

## ORDER ON SECOND MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA ON COMCAST PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Second Motion for Leave to Serve A Third Party Subpoena on Comcast Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

    1.    Plaintiff established that "good cause" exists for it to serve a third party subpoena on Comcast Cable listed on Exhibit A to the Motion ("Comcast"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

    2.    Plaintiff may serve Comcast with a Rule 45 subpoena commanding Comcast to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom Comcast assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

1

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

4. Comcast qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Comcast for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this ___ day of _____, 201__.


By: _____
**UNITED STATES DISTRICT JUDGE**

2